641

EDWARD BELLI, ALBERT HUPPERT, MARTIN J. FARRELL,
JOSEPH GALLAGHER, WILLIAM J. BUCKLEY, IRVING
EVANSKY, CORNELIUS MILLER, RELATORS, v. CITY
OF PASSAIC, RESPONDENT.

Submitted January 31, 1930—Decided August 2, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the relators, *Sigmund Unger* (*Arthur T. Vanderbilt*,
of counsel).

For the respondent, *Samuel Hilfman*.

PER CURIAM.

These seven cases present petitions for writs of *mandamus*
to compel the city of Passaic to restore the applicants to
positions in the police and fire departments of the city of
Passaic, from which they contend they were removed illegally.

The cases have an extended history. In 1927, on the eve
of retirement from office, one Abram Prieskel, city commis-
sioner and director of public safety, made an order pro-
moting the petitioners to the various positions they now claim
to hold. The incoming director, Turner, who took office the
following day, declined to recognize these promotions and re-
fused to permit the men to perform any duties in the de-
partment. Six months later petitioners brought suit in the
District Court to recover salaries claimed to be due them.
Judgments rendered in their favor in the District Court

█

were reversed in this court on November 23d, 1928, and on appeal to the Court of Errors and Appeals the judgments of reversal were affirmed in October, 1929. On the opening day of the Supreme Court in January the present petitions were presented.

The applications are wholly out of time and under the cases should not be now entertained. *State* v. *West Hoboken,* 64 *N. J. L.* 737; *Taylor* v. *Bayonne,* 57 *Id.* 376. Even passing the delay of six months in the initial proceeding, and assuming that the erroneous method of procedure, which was to recover the salaries without doing the work, ought not to have barred the applicants on the ground of laches, when the Supreme Court so strongly indicated the proper course of procedure it was at least incumbent on the applicants to present the petitions we now have before us. Instead of doing so they contested the original proceedings still further, and now, after being finally defeated in the effort to collect unearned salaries, they seek to obtain the present writs to enforce rights to offices which, if such rights existed at all, have existed for over three years.

The writs will be refused on the ground of laches alone, but we think the disturbance of the financial and administrative operations of the city naturally resulting from judicial intervention at this late date alike requires that the writs should not issue.

Deeming these reasons controlling, we have not considered the underlying question raised by the respondent of the power of the retiring director to make the promotions.

The petitions for writs of *mandamus* are denied, with costs.